# Watson v. Granturk Sanitation Equipment Co.

*Laurence D. Finney,* for estate.
*Arthur Rabelow,* for parents.
*Marilyn Monaco,* for son.

SOKOLOVE, *J.,* January 18, 1990 — We are faced with a question of first impression regarding the distribution of proceeds of a settlement under the Wrongful Death Act, Act of July 9, 1976, P.L. 586, §2, 42 Pa.C.S. §8301. We believe that we are bound by the clear mandate of the legislature as expressed unambiguously in the Wrongful Death Act and will rule accordingly.

The pertinent facts are few and undisputed. Samuel Watson III was killed at the age of 20 on November 5, 1979. He was not married at the time. An action was brought in this court under the Wrongful Death Act and the Survival Act, 42 Pa.C.S. §8302, by the decedent's mother, Edith Watson, as administratrix of his estate, by Edith Watson as guardian of Michael Pickering, the decedent's minor son, and by Edith Watson and Samuel Watson, the decedent's father, in their own right. The action went to trial, and a jury verdict was rendered on March 17, 1987. Both the decedent's parents and minor son suffered pecuniary

loss as the result of the decedent's death. Evidence of the parties' pecuniary losses was presented at trial, and the trial judge discussed the possibility of recovery by the parents in his charge to the jury. After the verdict, all parties to the action entered into a settlement providing for a total recovery of $300,000 in the wrongful death action and $350,000 in the survival action, which amounts netted to $197,907 and $230,670 respectively after payment of attorney's fees and costs. This settlement was approved by the Honorable William Hart Rufe III. The parties agree that the survival action proceeds pass to the decedent's estate, to which the minor child, Michael Pickering, is the sole heir under the intestacy law. The dispute is over the wrongful death action proceeds.

The minor child contends that the disputed proceeds should pass exclusively to him according to the statutory scheme. The parents argue that they should share in the distribution because they also suffered pecuniary loss. We held a conference with the attorneys for the claimants and the estate on October 4, 1989, at which time we allowed 30 days for the submission of memoranda law. We have received a memorandum from counsel for the child but, despite our further request, have not heard from the parents' counsel. From our own research, we can fully anticipate the parents' arguments and do not believe that their overdue brief would add to our understanding or resolution of this issue.

An action for wrongful death is a creature of statute, unavailable at common law. See *Manning v. Capelli,* 270 Pa. Super. 207, 411 A.2d 252 (1979). Such an action may be brought to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by

the injured individual during his lifetime. 42 Pa.C.S. §8301(a). The beneficiaries of a wrongful death action are restricted to the decedent's spouse, children or parents, and the "damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy. . ." 42 Pa.C.S. §8301(b). The law of intestate succession, as applicable to the instant case, directs that:

"The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall descend in the following order:

"(1) Issue. To the issue of the decedent.

"(2) Parents. If no issue survives the decedent, then to the parents or parent of the decedent." 20 Pa.C.S. §2103.

The purpose of the Wrongful Death Act is to compensate certain enumerated relatives of the deceased for the pecuniary loss occasioned to them through deprivation of the part of the earnings of the deceased which they would have received from him had he lived. *Berry v. Titus,* 346 Pa. Super. 376, 381, 499 A.2d 661, 664 (1985), quoting *Manning v. Capelli, supra,* 270 Pa. Super. at 211, 411 A.2d at 254. To recover damages for wrongful death, therefore, the beneficiary must have suffered some pecuniary loss. *Id.*

The bare language of the statutes determines the issue before us. The Wrongful Death Act directs distribution in accordance with the laws of intestacy. The interstate law directs that everything shall pass to the decedent's issue, the minor son in this case. Only if the decedent were not survived by issue would parents be entitled to distribution. We must follow the clear dictate of the statutes. "When the words of a statute are clear and free from all

ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). See also, *Seymour v. Rossman,* 449 Pa. 515, 297 A.2d 804 (1974).

We acknowledge the aforementioned purpose of the Wrongful Death Act, although we need not consider it because of the explicit words in the statute. 1 Pa.C.S. §1921(b), (c). In any event, our decision supports the purpose of the act. Michael Pickering sustained a pecuniary loss by reason of his father's death. That the decedent's parents also sustained a pecuniary loss is of no consequence under the express terms of the act. The loss may have qualified them as potential beneficiaries under the act; it did not qualify them, under the circumstances, to ultimately share in the distribution of the wrongful death recovery. While actual pecuniary loss is a prerequisite to recovery under the act, all who suffer a pecuniary loss are not necessarily entitled to recover. The Wrongful Death Act, by incorporating the intestate law, establishes a definite pecking order for distribution. The minor son is in a class ahead of the parents. His interest completely supersedes that of the parents.* Furthermore, any consideration of the parents' loss by the jury is of no moment. The proceeds available for distribution are the result of a settlement among the various parties, not a jury verdict. We are not reviewing post-trial motions.

---

* If the son had not sustained a pecuniary loss, then the parents would have received the entire wrongful death proceeds. See *Seymour v. Rossman, supra; Manning v. Capelli, supra.* The prior cases have addressed the situation where a potential beneficiary has not suffered pecuniary loss. They have not addressed the issue before us: whether pecuniary loss by a subordinate class of beneficiary allows that class to share in the distribution of wrongful death proceeds with a totally superior class which has also suffered pecuniary loss.

As we discussed in our conference with counsel, we will await an appropriate petition before ordering how the survival action and wrongful death proceeds shall be distributed to the minor. We, therefore, enter the following

ORDER

And now, January 18, 1990, it is hereby ordered and decreed that Michael Pickering is the sole beneficiary of the net proceeds of the wrongful death action settlement of the parties, as approved by amended order of this court on December 1, 1987.